# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

William Wek,
Petitioner
-vs-
Charles DeRosa,
Respondent.

CV-15-0103-PHX-SPL (JFM)

**Report & Recommendation
on Petition for Writ of Habeas Corpus**

## I. MATTER UNDER CONSIDERATION

Petitioner, detained at the time in the Eloy Detention Center at Eloy, Arizona, filed a First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on March 26, 2015 (Doc.17).   On June 3, 2015 Respondents filed their Notice of Suggestion of Mootness (Doc.  28) and on June 4, 2015 their Response (Doc. 29) to the First Amended Petition arguing the case should be dismissed as moot.   On June 4, 2015, the Court issued to Petitioner an Order to Show Cause (Doc. 31) why the case should not be dismissed for failure to prosecute or as moot.  On June 15, 2015, the Court set (Doc. 35) a default deadline of June 29, 2015 for a response.  Petitioner has not responded.

The resolution of the Petition and Order to Show Cause is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND

Petitioner makes the following allegations:  He is a native and citizen of Sudan,

but was admitted to the United States as a refugee on February 2, 2000.  Subsequently, on September 23, 2014, Petitioner was ordered removed to Sudan or alternatively South Sudan.  The United States has been unable to successfully execute his removal, and he has remained detained for more than six months since his removal order became final. (Amended Petition, Doc. 17 at 4.)

**B. PRESENT FEDERAL HABEAS PROCEEDINGS**

**Proceedings on Original Petition** - Petitioner commenced the current case by filing his original Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on January 20, 2015 (Doc. 1), naming Charles DeRosa as respondent, asserting that his continued detention was illegal or unconstitutional.  (*See* Service Order 2/11/15, Doc. 3 at 1-2.)   Service and an answer was ordered on February 11, 2015.

On March 5, 2015, Respondent DeRosa filed his original Response (Doc. 7), arguing that at that time Petitioner had not been detained more than six months since his final order of removal, and that his eventual removal was reasonably foreseeable, and thus his continued detention was authorized.  In a footnote, Respondent argued that he was not a proper respondent, and that the Field Office Director, Katrina Kane was the proper respondent.  (Doc. 7 at 1, n. 1.)

**First Amended Petition** - Petitioner then sought leave (Doc. 8) to file his First Amended Petition.  Leave was granted (Order 4/28/15, Doc. 16), and on April 28, 2015, Petitioner's First Amended Petition (Doc. 17) was filed. Petitioner's amended petition named as respondent Field Office Director Gurule, expanded Petitioner's allegations on his original due process claim, and added a claim founded upon the Administrative Procedures Act, all attacking his continued detention pending removal

The service Order observed that Katrina Kane was apparently the Field Office Director for the Eloy Detention Center, where Petitioner was detained, not Field office Director Gurule.  Accordingly, Petitioner was required, prior to an answer, to show cause why his Petition should not be deemed amended to name Field Officer Kane as

respondent.  (Order 4/28/15, Doc. 16.)

Eventually, on May 21, 2015, Petitioner responded (Doc. 25) with what was construed as a Motion to Substitute Respondents.  (*See* Order 6/4/15, Doc. 30.)

On the same date, Petitioner filed a Notice of Change of Address (Doc. 26) reflecting his transfer to the Mesa Verde Detention Center in Bakersfield, California.

**Response** - On June 3, 2015 Respondents filed their Notice of Suggestion of Mootness (Doc.  28) and on June 4, 2015 their Response (Doc. 29) to the First Amended Petition asserting that Movant had been released from custody on an Order of Supervision on June 2, 2015, and the case should be dismissed as moot.

**Order to Show Cause** –  On June 4, 2015, the Court entered an Order to Show Cause (Doc. 31), noting that despite Petitioner's apparent release, he had not filed a notice of change of address, and that it appeared his Petition had been rendered moot by his release.  Accordingly, Petitioner was given 14 days to: "either (1) show cause as to why this action should not be dismissed for failure to prosecute or (2) file a notice of change of address with the court, reflecting Petitioner's current address."  (Order 6/4/15, Doc. 31 at 2.)  In addition, Petitioner was given 14 days to "show cause why his Petition should not be dismissed as moot in light of Petitioner's apparent release from custody." (*Id.*)  Copies were sent to Petitioner's recent address of record, at the Mesa Verde Detention Center in Bakersfield, California, as well as his apparent release address reflected on his release documents.

The next day, the Court received a new Notice of Change of Address (Doc. 32), dated May 29, 2015, reflecting Petitioner's transfer to the Yuba County Jail in Marysville, California.  Not surprisingly, on June 12, 2015, the Court received back undelivered Petitioner's copies of the Order to Show Cause (Doc. 31) sent to the Mesa Verde Detention Center.  Consequently, on June 15, 2015, the Court directed (Doc. 35) that copies of the Order to Show Cause be sent to Plaintiff at the Yuba County Jail and to his apparently release address.   That Order further extended the time for a response for fourteen days, through June 29, 2015.

On June 17, 2015, the Court received back undeliverable the copy of the Order to Show Cause (Doc. 31) sent to Petitioner's release address.  And on July 1, 2015, the copy of the Order filed June 15, 2015 (Doc. 35) was returned undeliverable. (Doc. 37.) As of the filing of this Report and Recommendation, Petitioner's copy sent to the Yuba County Jail has not been received back in the mail.

## III. APPLICATION OF LAW TO FACTS

### A. MOOTNESS OF HABEAS PETITION

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'"  *U.S. Parole Commission v. Geraghty,*  445 U.S. 388, 395, 100 S.Ct. 1202, 1208 (1980). This limitation restricts the jurisdiction of the federal courts to cases where there is a possible judicial resolution. *Id*. A moot action is not subject to a judicial resolution.

A moot action is one in which the parties lack a legally cognizable interest in the outcome.  The test for mootness is whether the court can give a party any effective relief in the event that it decides the matter on the merits in their favor.  "That is, whether the court can 'undo' the effects of the alleged wrongdoing."  *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1989).

A habeas petition may be rendered moot following a subsequent release from custody, absent other, collateral consequences that flow from the complained of imprisonment.  *Lane v. Williams,* 455 U.S. 624 (1982).  While the existence of such collateral consequences is irrebuttably presumed in some habeas challenges to criminal convictions, *see e.g., Sibron v. New York,* 392 U.S. 40 (1968); *Chacon v. Wood,* 36 F.3d 1459 (9th Cir. 1994), no such presumption applies to habeas petitions challenging deportation orders.

Here, Petitioner does not challenge his underlying removal order, but merely his continued detention pending the execution of that order.  However, although that detention has terminated, Petitioner remains subject to conditions of supervision. Under

those circumstances, there may yet remain relief which may be granted.  *Reimers, supra.* Further, Petitioner's amended Petition includes allegations of violations of the Administrative Procedures Act.  Moreover, Petitioner has not yet been heard from on whether the matter is moot.

However, in light of Petitioner's failure to prosecute, the Court need not resolve that issue to dispose of this matter.


**B.  FAILURE TO PROSECUTE**

"The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to  achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R. Co.,* 370 U.S. 626, 630-631 (1962).  "Accordingly, when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting. Whether such an order can stand on appeal depends not on power but on whether it was within the permissible range of the court's discretion."  *Id.* at 633.

In determining whether an abuse of discretion has occurred, a number of factors are relevant, including the plaintiff's diligence, the trial court's need to manage its docket, the danger of prejudice to the party suffering the delay, the availability of alternate sanctions, and the existence of warning to the party occasioning the delay. *See, e.g., Hamilton v. Neptune Orient Lines, Ltd.,* 811 F.2d 498, 499 (9th Cir.1987).

Despite having twice been given specific notice (Notice of Assignment, Doc. 2; Order 2/11/15, Doc. 3 at 2) of his obligation to file a notice of change of address, and two orders (Docs. 31 and 35) specifically directing him to do so, Petitioner has failed to keep his current address on file with the Court.

It is the duty of a party who has filed a *pro se* action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion.  This

Court does not have an affirmative obligation to locate Petitioner.  "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."  *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).  Petitioner's failure to keep the Court informed of his new address constitutes failure to prosecute.

Petitioner has failed to prosecute this action, and dismissal is therefore within the discretion of the Court.  *Link v. Wabash R. Co., supra.*  In the instant case, Petitioner appears to have abandoned this action upon his release from custody.  Petitioner has had over a month since his release to file a notice of change of address.  Further delay to the Court and to Respondent is not warranted.  Also, Petitioner has received adequate warning of the potential of such action, and in light of Petitioner's refusal to respond to the Court, less onerous sanctions will be ineffective.

## IV.  CERTIFICATE OF APPEALABILITY

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   However, such certificates are only required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). This case arises under 28 U.S.C. § 2241, and does not attack a State court detention.  Accordingly, no ruling on a certificate of appealability is required, and no recommendation thereon will be offered.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on March 26, 2015 (Doc.17) be **DISMISSED WITHOUT PREJUICE** for failure to prosecute.

//

//

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.    Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: July 22, 2015

15-0103r RR 15 06 23 on HC.docx

James F. Metcalf
United States Magistrate Judge